IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3085 |
| vs. | AMENDED TENTATIVE FINDINGS |
| WILLIAM E. SALISBURY, | |
| Defendant. | |

The Court has received the revised modified presentence investigation report in this case. The defendant objects to the presentence report (filing 248).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report on several grounds. Filing 248.

(a) The defendant objects to the government's description of the offense conduct and the probation officer's calculation of the amount of pseudoephedrine involved in the offense. Filing 248 at 1-3. The Court would—*if necessary*—resolve this objection based upon the evidence presented at trial and any additional evidence presented at sentencing. However, the Court need not resolve this issue now, nor is it likely to require resolution at sentencing—the defendant appears to agree that the base offense level is 19, even under the defendant's calculation of the amount of pseudoephedrine provided. Filing 248 at 2-4; *see*, U.S.S.G. §§ 2D1.11 and 2X4.1.

(b) The defendant contends that he is entitled to a two-point reduction for acceptance of responsibility. Filing 248 at 3; *see* U.S.S.G. § 3E1.1. A defendant has the burden to show that he is entitled to a reduction for acceptance of responsibility. *United States v. Nguyen*, 339 F.3d 688, 690 (8th Cir. 2003). The defendant contends that he should receive credit for accepting responsibility because, he asserts, he had previously offered to settle the case "in the same fashion" as the plea agreement eventually reached by the parties during trial. Filing 248 at 3.

An adjustment for acceptance of responsibility does not apply to a defendant who puts the government to its burden of proof by denying the essential factual elements, and only then admits guilt and expresses remorse. § 3E1.1 cmt. n.2. But even conviction at trial would not automatically prevent a defendant from receiving a reduction for acceptance of responsibility. *United States v. Guerrero-Cortez*, 110 F.3d 647, 656 (8th Cir. 1997). A defendant may demonstrate acceptance of responsibility even though he goes to trial and is convicted, which may occur when he asserts and preserves issues that did not relate to factual guilt; in such a situation a determination that a defendant has

accepted responsibility will be based primarily on pre-trial statements and conduct. *Id.*

But acceptance of responsibility still requires the Court to consider whether the defendant truthfully admitted the conduct comprising the conviction, *and* truthfully admitted any additional relevant conduct for which the defendant is accountable. The Court must still weigh, based on the evidence presented at trial and any additional evidence presented at sentencing, whether the defendant's alleged willingness to plead guilty to a lesser offense prior to trial—if proved—is sufficient to show that the defendant accepted responsibility for the offense conduct that the Court finds the evidence to have proven. And that is a matter that the Court will determine at sentencing.

At least, the Court will determine that matter at sentencing as to the two-level adjustment provided by § 3E1.1(a). The third-level reduction of § 3E1.1(b) is available only if the government so moves. *United States v. Wattree,* 431 F.3d 618, 623-24 (8th Cir. 2005). And it has not.

(c) The defendant also argues that he should receive a two-point reduction based on safety valve eligibility, pursuant to U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2(a). Filing 248 at 3. According to the presentence report, the defendant falls short of safety valve requirements in two ways: first, he has three criminal history points, and second, there is no information establishing that the defendant has "truthfully provided to the Government all information and evidence the defendant has concerning" his offense. *See* § 5C1.2(a).

And the defendant carries the burden of demonstrating that he has truthfully provided to the Government all information regarding the relevant crime before sentencing. *United States v. Castaneda,* 221 F.3d 1058, 1059 (8th Cir. 2000). Accordingly, the defendant's contention that he completed a safety valve proffer interview will be considered based on the evidence presented at sentencing. The defendant has separately objected to the criminal history calculation, and it will be discussed below.

(d) The defendant argues that he was a minor participant in the offense and should receive a three-point reduction pursuant to U.S.S.G. § 3B1.2. Filing 248 at 4. To qualify for a minor participant adjustment under § 3B1.2(b), the defendant must be "less culpable than most other participants." *Id.*, cmt. n.5. To qualify for a minimal participant adjustment under § 3B1.2(a), the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007).

But because the defendant pled guilty to misprision of felony in violation of 18 U.S.C. § 4, a mitigating role adjustment normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level. *See* U.S.S.G. § 2X4.1 cmt. n.2; *see also United States v. Bolden,* 368 F.3d 1032, 1037 (8th Cir. 2004). The word "normally," however, assumes that there may be unusual cases in which that general rule does not apply, and there is at least limited authority suggesting that an adjustment based on reduced culpability may be available if the evidence establishes the defendant's mitigating role in the misprision offense. *United States v. Godbolt,* 54 F.3d 232, 234 (5th Cir. 1995).

But the burden of establishing a role adjustment as a minor or minimal participant rests with the defendant. *See United States v. Pinkin,* 675 F.3d 1088, 1090 (8th Cir. 2012). Accordingly, the Court will resolve this matter on the evidence presented at trial and any additional evidence presented at sentencing.

(e) Finally, the defendant has objected to the criminal history calculation; specifically, the assessment of three criminal history points for a 2006 Madison County conviction of attempted possession of a controlled substance (one point for the charge itself, and two more points for committing the instant offense while still on probation for the Madison County offense). Filing 248 at 4. The defendant argues that the drugs he was convicted of attempting to possess in 2006 were obtained from Grady

Gartman and, therefore, his 2006 conduct was related to the present offense. Filing 248 at 4.

The defendant's 2006 conviction would not result in criminal history points if that conduct was part of the instant offense. *See* U.S.S.G. § 4A1.1(a)(1). But at trial, Gartman testified that he first provided drugs to the defendant in 2007. Accordingly, at this point, the evidence is contrary to the defendant's argument. Nonetheless, the Court will resolve this issue at sentencing, on the trial evidence and any other argument or evidence presented at sentencing.

3. The defendant also argues that his personal characteristics warrant a downward departure. Filing 248 at 4-6. But he has not filed a separate motion for departure. Nonetheless, the Court will consider the defendant's situation, and his argument, in the context of independently applying the § 3553(a) factors and determining what sentence is warranted.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 13th day of January, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge